# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# NORTHWESTERN DIVISION

| | |
|---|---|
| Mary L. McKay, ) | |
| ) | **ORDER DENYING PLAINTIFF'S MOTION** |
| Plaintiff, ) | **FOR TEMPORARY RESTRAINING ORDER** |
| ) | |
| v. ) | |
| ) | |
| Indian Health Service, and ) | |
| Todd Bercier, ) | Case No. 4:06-cv-003 |
| ) | |
| Defendants. ) | |

Before the Court is the Plaintiff's "Motion for TRO and Declaratory Relief" filed on January 23, 2006. For the reasons set forth below, the Court denies the motion for temporary restraining order.

## I.   BACKGROUND

The following facts are those alleged by the Plaintiff in her complaint.[1] See Docket No. 1. The plaintiff, Mary McKay, has been employed at the hospital located in Belcourt, North Dakota, for twenty-three (23) years. McKay was the supervisor of the property department at the hospital. The hospital is operated by the defendant, Indian Health Service, a federal agency. Defendant Todd Bercier is the assistant CEO of the hospital. Bercier has been McKay's supervisor since 2004.

---

[1] Having not been served with a copy of the complaint/motion for temporary restraining order, the Defendants have not had an opportunity to refute any of the alleged facts.

1

In September 2005, Bercier removed McKay from her position as supervisor of the property department for conduct involving a "cash award" incident taking place in 2003.[2] Since that time, McKay has been working in another capacity at the hospital. In a letter dated December 9, 2005, Bercier informed McKay that she was to receive a five (5) day suspension for "Misuse of Position" stemming from the cash award incident in 2003.

On January 5, 2006, McKay filed a complaint with the Equal Employment Opportunity Commission alleging retaliation and sex discrimination against Bercier. There are ongoing efforts to mediate that claim. A tentative mediation has been set for January 30, 2006.

Finally, on January 20, 2006, McKay received a letter that she is to be suspended effective January 30, 2006, for a period of five (5) days. On January 23, 2006, McKay filed the present action against Indian Health Service and Todd Bercier. The complaint alleges numerous due process violations. McKay also seeks a temporary restraining order against the Defendants to prevent the impending suspension.

## II.   LEGAL DISCUSSION

Rule 65(b) of the Federal Rules of Civil Procedure governs temporary restraining orders and provides, in relevant part, as follows:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies

---

[2] The facts surrounding the incident are not altogether clear from the complaint. It seems that McKay did not authorize a so-called "cash award" for the employees in her department. Instead, Bercier secured approval for the award. According to McKay, distribution of the awards caused a budget shortage.

2

> to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

(emphasis added).

Applications for both preliminary injunctions and temporary restraining orders are measured against the factors set forth in <u>Dataphase Systems, Inc., v. C.L. Sys. Inc.</u>, 640 F.2d 109, 114 (8th Cir. 1981) (*en banc*). The so-called <u>Dataphase</u> factors include "(1) the threat of irreparable harm to the moving party; (2) the movant's likelihood of success on the merits; (3) the balance between the harm to the movant if the injunction is denied and the harm to other parties if the injunction is granted; and (4) the public interest." <u>Bandag, Inc. v. Jack's Tire & Oil, Inc.</u>, 190 F.3d 924, 926 (8th Cir. 1999) (citing <u>Dataphase</u>, 640 F.3d 109, 113). The burden of establishing the necessity of a temporary restraining order or a preliminary injunction is on the movant. <u>Baker v. Electric Co-op, Inc. v. Chaske</u>, 28 F.3d 1466, 1472 (8th Cir. 1994); <u>Modern Computer System, Inc. v. Modern Banking System, Inc.</u>, 871 F.2d 734, 737 (8th Cir. 1989) (*en banc*). "No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction." <u>United Indus. Corp. v. Clorox Co.</u>, 140 F.3d 1175, 1179 (8th Cir. 1998) (citing <u>Sanborn Mfg. Co. v. Campbell Hausfeld/Scott Fetzer Co.</u>, 997 F.2d 484, 486 (8th Cir. 1993); <u>Calvin Klein Cosmetics Corporation v. Lenox Labs, Inc.</u>, 815 F.2d 500, 503 (8th Cir. 1987)). Trial courts have broad discretion in ruling on requests for preliminary injunctions and temporary restraining orders. See <u>Energy, Arkansas, Inc. v. Nebraska</u>, 210 F.3d 887, 898 (8th Cir. 2000).

The Court has carefully reviewed the pleadings and finds that the Plaintiff has failed to meet the requirements under Rule 65(b) of the Federal Rules of Civil Procedure. The Plaintiff has failed to set forth what efforts, if any, had been made to give notice to the Defendants. That failure, in and

of itself, warrants denial of the motion. The Plaintiff has also failed to offer any evidence to suggest that immediate and irreparable injury, loss, or damage will befall her before the Defendants or the Defendants' attorneys can be heard in opposition. The Plaintiff's motion fails to cite or even mention either Rule 65 or the <u>Dataphase</u> factors. Based on the sparse information contained in the complaint, the Court is in no position to enter the requested relief at this time.

### III.    CONCLUSION

The Court finds that McKay has failed to meet her burden under Rule 65 of the Federal Rules of Civil Procedure. The Court **DENIES** McKay's Motion for a Temporary Restraining Order. (Docket No. 1). The Plaintiff is directed to serve a copy of this order upon the Defendants along with a copy of the complaint.

**IT IS SO ORDERED.**

Dated this 25th day of January, 2006.

_____
Daniel L. Hovland, Chief Judge
United States District Court