**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Mary L. McKay, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER RE MOTION FOR MORE DEFINITE** |
| | ) | **STATEMENT** |
| vs. | ) | |
| | ) | Case No.: 4:06-cv-003 |
| Indian Health Service, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is the Defendant's "Motion for a More Definite Statement, To Strike Amended Complaint, and Remove Todd Bercier's Name From Caption," filed on February 21, 2006. The Plaintiff filed a response on March 6, 2006. For the reasons set forth below, the motion is granted.

**I.      BACKGROUND.**

On January 23, 2006, through her attorney Vance Gillette, the plaintiff, Mary McKay, filed a complaint against Indian Heath Service and Todd Bercier in addition to a Motion for Temporary Restraining Order and Declaratory Relief.  (Docket Nos. 1, 2).  In the complaint, the plaintiff claimed the defendant, Todd Bercier, retaliated and discriminated against her by suspending her without a fair review.  The plaintiff asked the court for declaratory and injunctive relief to stop the suspension.

On January 25, 2006, the district court denied plaintiff's Motion for Temporary Restraining Order.  (Docket No. 4).  The Court stated that the plaintiff failed to meet the requirements under Rule 65(b) of the Federal Rules of Civil Procedure, and that the plaintiff had failed to set forth what efforts, if any, had been made to give notice to the defendants.  In addition, the Court stated that the

1

plaintiff also failed to offer any evidence to suggest that immediate and irreparable injury, loss, or damage will befall her before the defendants' attorneys can be heard in opposition. The Court noted that the plaintiff's motion failed to cite or even mention Rule 65, and based on the sparse information contained in the complaint, the Court was in no position to enter the requested relief.

On January 26, 2006, the plaintiff filed a Motion for Declaratory and Injunctive Relief. The Court again denied the motion concluding that the plaintiff did not demonstrate any new evidence to show a threat of irreparable harm or a likelihood of success on the merits. (Docket No. 8).

The plaintiff filed an amended complaint as a matter of course on February 14, 2006, re-alleging her claims set forth in her original complaint without the demand for a temporary restraining order or declaratory relief. (Docket No. 9). The amended complaint alleges two claims: 1) the defendants violated her First and Fifth Amendment rights, and 2) her equal protection rights were violated. In her amended complaint, the plaintiff requested the following relief:

1.      for an order to declare that IHS defendants violated plaintiff's right to due process by use of a biased decision maker, and rigged process;

2.      to rule that IHS utilize a fair review process over a suspension; or to require IHS to implement regulations that includes a mechanism to challenge biased decision maker;

3.      to rule that plaintiff has a right to appeal the forced "removal" from her job, and that the IHS laws and regulations denied her equal protection;

4.      for an injunction to require compliance by IHS agents as needed; and

5.      for attorney fees and costs, and other relief deemed just.

(Docket No. 9).

On February 21, 2005, the defendants filed a motion for more definite statement contending the plaintiff's motion was a "jumbled mess of unintelligible allegations and alleged facts . . . ." (Docket No. 11). The defendants request that the court require the plaintiff to "file an appropriately drafted complaint with a more definite statement of the allegations in an understandable fashion in

compliance with Rule 8 so that the Defendant can interpose an appropriate answer." Id.     In addition, the defendants plead that the court should direct the plaintiff to strike Todd Bercier's name from the caption of the action and strike the Amended Complaint. Id.

On March 6, 2006, Plaintiff filed a response to the defendants' motion that reads as follows:

> 1.   The defense seeks to strike the complaint, and requests a complaint with a more definite statement of the allegations.
> 2.   Response. Plaintiff's second amended complaint plainly sets out the claims for relief and addresses concerns by the defense.
> For these reasons, the motion to strike is moot ans should be disregarded. The case can proceed and the defense can air any gripes in an answer etc.

(Docket No. 12). The response was accompanied by a proposed second amended complaint that drops defendant Todd Bercier and sets forth three claims for relief that are somewhat different from the amended complaint. The proposed second amended complaint sets forth the following claims: (1) claim of denial of due process, (2) claim of statutory violation of 5 U.S.C. § 7512, and (3) a claim of denial of equal protection.

## II.   DISCUSSION

Rule 12(e) of the Federal Rules of Civil Procedure provides as follows:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

It is well-established that motions for a more definite statement are generally disfavored in light of the liberal discovery available under the federal rules, and such motions are granted only when a party is unable to determine the issues requiring a response. Shaffer v. Eden, 209 F.R.D.

460, 464 (D. Kan. 2002)(citing <u>Resolution Trust Corp. v. Thomas</u>, 837 F. Supp. 354, 355 (D. Kan. 1993)).  Further, a motion for a more definite statement must be considered in the light of Rule  8(a) of the Federal Rules of Civil Procedure that expressly permits a plaintiff to set forth a short and plain statement of his or her claims for relief.  <u>Jackson Nat'l Life Ins. Co. v. Gofen & Glossberg,</u> <u>Inc.</u>, 882 F. Supp. 713, 726 (N.D. Ill. 1995) (complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief.")  Rule 8(a) provides as follows:

> A pleading which sets forth a claims for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Given plaintiff's response to the defendants' motion, the court will treat the response as an acknowledgment that defendants' motion is well-taken with respect to the amended complaint, address the defendants' objections in the context of the proposed seconded amended complaint, and treat plaintiff's response as a request for leave to file and serve the proposed second amended complaint.   In this context, and upon review of the proposed second amended complaint, the court concludes that the plaintiff has sufficiently satisfied the liberal pleading requirements of Rule 8(a) with the proposed second amended complaint.  Further, the proposed second amended complaint does drop defendant Todd Bercier from the action as requested by the defendants.

### III.   <u>ORDER</u>

Based on the foregoing, it is hereby **ORDERED** as follows:

1.      Defendants' motion  for a more definite statement is **GRANTED** as to the amended

   complaint.

2.    Leave is granted for the filing and service of the proposed second amended complaint.  The clerk is instructed to file the proposed seconded amended complaint, and plaintiff is directed to make appropriate service upon attorney for the defendant Indian Health Service so there is a benchmark for when a responsive pleading is required.

3.    Defendant Todd Bercier is dismissed as party defendant without prejudice pursuant to plaintiff's request.

Dated this 7th day of March, 2006.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge

5